1  LOBB & CLIFF, LLP
   Orlando J. Villalba [SBN 232165]
2  Jason K. Schrader [SBN 258706]
   1325 Spruce Street, Suite 300
3  Riverside, California 92507
   Telephone: (951) 788-9410
4  Facsimile: (951) 788-0766
   Email: ovillalba@lobbcliff.com
5       jschrader@lobbcliff.com

6  Attorneys for Defendant,
   Rednap, Inc., dba Denny's #7239
7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11 CHRIS KOHLER,                        )  NO. CV 11-02752 GAF SSx
                                        )
12              Plaintiff,              )  [Assigned for All Purposes to
                                        )  Judge Gary A. Feess, Courtroom 740]
13 vs.                                  )
                                        )  **REDNAP, INC.'S NOTICE OF**
14 REDNAP, INC. dba DENNY'S #7239,      )  **MOTION AND MOTION TO**
   et al.,                              )  **DISMISS PLAINTIFF'S STATE**
15                                      )  **LAW CLAIMS; MEMORANDUM**
                                        )  **OF POINTS AND AUTHORITIES**
16              Defendants.             )  **IN SUPPORT**
                                        )
17                                      )  Date:        July 11, 2011
                                        )  Time:        9:30 a.m.
18                                      )  Courtroom:   740
                                        )
19                                      )  Complaint filed:  March 30, 2011
                                        )  Trial date:       Not yet set
20 ──────────────────────────────────

21 **TO: PLAINTIFF CHRIS KOHLER AND HIS ATTORNEY OF RECORD**

22      **NOTICE IS HEREBY GIVEN** that on Monday, July 11, 2011, at

23 9:30 a.m., or as soon thereafter as the matter may be heard, before Judge Gary A.

24 Feess in Courtroom 740 of the above-entitled Court, located at 255 East Temple

25 Street, Los Angeles, California, Defendant Rednap, Inc. dba Denny's #7239 will

26 and hereby does move the Court for an order to dismiss Plaintiff Chris Kohler's

27 state law claims for the following reasons:

28 ///

LOBB & CLIFF, LLP
1325 SPRUCE STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92507

1   1.   The state law claims raise novel and complex issues of state law;

2   2.   State law issues substantially predominate; and

3   3.   Other compelling reasons warrant dismissal.

4        This motion is made following the conference of counsel pursuant to L.R.

5   7-3 which took place on May 26, 2011 and June 1, 2011.

6        This motion is based on this motion and the Memorandum of Points and

7   Authorities, the records and file herein, any other evidence submitted as part of this

8   motion, and on such other and oral documentary evidence as may be presented at

9   the time of the hearing.

10

11                                              LOBB & CLIFF, LLP

12

     Dated:  June ___6___, 2011           By:  _____

13                                              Orlando J. Villalba

14                                              Jason K. Schrader
                                                Attorneys for Defendant
15                                              Rednap, Inc. dba Denny's #7239

16

17

18

19

20

21

22

23

24

25

26

27

28

LOBB & CLIFF, LLP
1325 SPRUCE STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92507

# <u>TABLE OF CONTENTS</u>

Page

I.    INTRODUCTION .......................................................................................1

II.   BACKGROUND AND FACTUAL ALLEGATIONS ................................2

III.  THE COURT SHOULD DECLINE TO EXERCISE
      SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S
      STATE LAW CLAIMS...............................................................................3

      A.   A federal court may decline to exercise supplemental
           jurisdiction ....................................................................................3

      B.   The exceptions of Sections1367(c) apply in this case ...................4

           1.   Plaintiff's claims raise novel and complex issues
                of California law ..................................................................5

           2.   California law substantially predominates ............................5

           3.   The Court should decline to exercise supplemental
                jurisdiction because Plaintiff is engaged in forum
                shopping, and because such a ruling is consistent
                with the principles of comity ...............................................6

IV.   CONCLUSION...........................................................................................7

LOBB & CLIFF, LLP
1325 SPRUCE STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92507

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
ORDER TO DISQUALIFY PLAINTIFF'S COUNSEL

182644

1

## **<u>TABLE OF AUTHORITIES</u>**

2

Page

3

**Cases**

4

*ACRI v. Varian Assoc., Inc.*
5
   114 F. 3d 999, 1001 (9th Cir. 1997) ...............................................7

6

*Botosan v. Fizhugh*
   13 F. Supp. 2d 1047, 1051 (S.D. Cal. 1998) ...................................5

7

*Doran v. Del Taco, Inc.*
8
   373 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 1995) ..........................2

9

*Doran v. Embassy Suites Hotel*
   2002 WL 1968166, 2002 U.S. Dist. Lexis 16116 ..........................5

10

*Harris v. Stonecrest Care Auto Ctr. LLC*
11
   472 F. Supp. 2d 1208, 1219 (S.D. Cal. 2007) ...............................6

12

*Jankey v. Beach Hut*
   2005 U.S. Dist. Lexis 45235, 4, 2005 WL 5517235 .....................5, 6

13

*Johnson v. Calagna*
14
   2006 U.S. Dist. Lexis 85252, 2006 WL 3313816 ..........................3

15

*Kokkonen v. Guardian Life Ins. Co. of America*
   511 U.S. 375, 377 (1998) ...............................................................3

16

*Molski v. Hitching Post I Restaurant, Inc.*
17
   2005 U.S. Dist. Lexis 39959 at 27, 2005 WL 3952248 ...............4, 7

18

*Molski v. Kahn Winery*
   381 F. Supp. 2d 1209 (C.D. Cal. 2005) ........................................5

19

*Molski v. Mandarin Touch Restaurant*
20
   347 F. Supp. 2d at 860, 864 (C.D. Cal. 2004) ..............................2

21

*Molski v. Mandarin Touch Restaurant*
   359 F. Supp. 2d at 937 (C.D. Cal. 2005) ......................................6

22

*Org. for the Advancement of Minorities with Disabilities v.*
23
*The Brick Oven Restaurant*
   406 F. Supp. 2d 1120, 1130 (S.D. Cal. 2005) ...............................5

24

*Wander v. Kaus*
25
   304 F. 3d 856, 858, 860 (9th Cir. 2002) ........................................6

26

27

28

LOBB & CLIFF, LLP
1325 SPRUCE STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92507

**Statutes**

28 U.S.C. section 1367 ...................................................................................3, 6

28 U.S.C. section 1367(c) ..................................................................................4

28 U.S.C. section 1367(c)(2) ............................................................................6

28 U.S.C. section 1367(c)(4) ............................................................................6

California Civil Code section 51, *et seq.,* 52 and 54.3 .................................5

**Rules**

Fed. R. Civ. P. 12(b)(1) ..............................................................................1, 3

LOBB & CLIFF, LLP
1325 SPRUCE STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92507

182644

LOBB & CLIFF, LLP
1325 SPRUCE STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92507

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Plaintiff Chris Kohler ("Plaintiff") filed a Complaint on March 31, 2011 ("the Complaint") by way of his attorney, Lynn Hubbard III.  This motion requests that, pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court dismiss the following three claims for lack of subject matter jurisdiction:  (1) the Second Claim for Relief for violation of California Civil Code sections 54, 54.1, and 54.3(the "DPA"); (2) the Third Claim for Relief for violation of California Civil Code section 51 ("the Unruh Act"); and (3) the Fourth Claim for Relief for violation of California Health & Safety Code section 19955, *et seq* ("the Health and Safety Code").  The Complaint contains one additional claim pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12101 (2011); but that claim is not the focus of this motion.

This case is part of a flood of litigation in California by a small number of plaintiffs for alleged violations of the ADA, and more significantly, for disability claims under California Law.  As an attorney, Lynn Hubbard has filed 270 cases in the Central District of California, 810 in the Eastern District, and 605 in the Southern District.  Mr. Hubbard filed suit as a plaintiff in an additional 202 cases in the Central District.  Between March 28, 2011 and April 1, 2011 (the same week the instant case was filed), he filed 11 complaints.  Chris Kohler has been the plaintiff in 111 cases in the Central District of California and an additional 34 cases in the Southern District.  Not including this case, Plaintiff filed four cases between March 28, 2011 and April 1, 2011, all in the Central District.[1]  Movant cannot be sure that each of these complaints involve the same claims as Plaintiff

---

[1] Plaintiff Chris Kohler filed four cases in the Central District of California on March 31, 2011 and April 1, 2011, including this case.  The case numbers for the other cases are 11-cv-02758-SVW, 11-cv-00518-VAP, and 11-cv-00520-VAP.  The complaints contain the same causes of action as are asserted in this case, and nearly all of the language is copied verbatim.

1  brings here, but all four complaints filed in this District between March 31, 2011
2  and April 1, 2011 involve identical claims for relief.

3          Courts have noted how plaintiffs and their attorneys have warped the ADA
4  into a mechanism by which to recover attorney's fees and quick judgments, despite
5  the fact that the ADA itself does not contain a means for a plaintiff to recover
6  damages. *Doran v. Del Taco, Inc.* 373 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2005)
7  (vacated on other grounds, 237 Fed. Appx. 148 (2007)[2] (noting that scholars,
8  judges, and lawyers have widely criticized the distortions of the ADA as a "cynical
9  money making machine.")  These cases are often filed against small business
10  owners who lack the resources to defend themselves.  The plaintiffs then quickly
11  offer to settle, relying on the business owners' lack of resources to compel the
12  owners to accept. *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860, 864
13  (C.D. Cal. 2004).  Courts have questioned the propriety of this behavior, which the
14  *Molski* court likened to extortion. *Id.*

15          More important than Plaintiff's suspect conduct, federal law provides that a
16  court should not extend supplemental jurisdiction to state law claims when, among
17  other things, the complaint raises novel or complex issues of state law; state law
18  claims predominate over federal claims; or other compelling considerations
19  support dismissal.  All three of these criteria apply in this case, and each provides a
20  sufficient basis to dismiss the state law claims.

21  **II.     BACKGROUND AND FACTUAL ALLEGATIONS**

22          The Complaint is filled with conclusory statements without factual support.
23  It alleges that Plaintiff is disabled and encountered barriers when he visited a
24  Denny's restaurant located at 2925 Van Buren Boulevard, Riverside, California
25  92503 ("the Restaurant"), but never states the date on which Plaintiff visited the
26

27  [2] On appeal, the 9th Circuit Court of Appeals vacated the lower court's ruling on the grounds that
   it inappropriately denied attorney's fees to a prevailing party.
28

LOBB & CLIFF, LLP
1325 SPRUCE STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92507

Restaurant. The Complaint also alleges that barriers "interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility," and alleges that 18 barriers exist on the property; but the description of each alleged barrier does not state whether Plaintiff actually encountered the barrier. Further, the Complaint suggests that Plaintiff never encountered the alleged barriers at all. When describing the first alleged barrier, for example, Plaintiff states "[t]he slopes and cross slopes of the disabled parking space exceed 2.0% due (mainly) to the encroaching built-up curb ramp. Kohler has a difficult time transferring/unloading from his vehicle due to his wheelchair rolling." This statement suggests that Plaintiff generally struggles to exit his vehicle on a slope, but does not state he encountered this problem at the Restaurant.

## III.  THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.

### A.  A federal court may decline to exercise supplemental jurisdiction.

Federal courts possess limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of* America, 511 U.S. 375, 377 (1998). If a court lacks jurisdiction, it may either dismiss claims in response to a motion, or it may do so *sua sponte*. Fed.R.Civ.P. 12(b)(1).

When a federal court has jurisdiction over a claim, it may also exercise supplemental jurisdiction over claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. A federal court has original jurisdiction over a claim filed pursuant to the ADA. *Johnson v. Calagna,* 2006 U.S. Dist. Lexis 85252, 2006 WL 3313816 (E.D. Cal. 2006).

When a state law claim is a part of the same case or controversy as a federal claim, a court need not exercise supplemental jurisdiction in any of the following circumstances: (1) the claim raises a novel or complex issue of state law; (2) the state law claim substantially predominates over the federal claim; (3) the federal

LOBB & CLIFF, LLP
1325 SPRUCE STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92507

LOBB & CLIFF, LLP
1325 SPRUCE STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92507

1   court has dismissed all claims over which it has original jurisdiction; or (4) other

2   compelling reasons for declining jurisdiction exist. 28 U.S.C. § 1367(c).

3         **B.**     **The exceptions of section 1367(c) apply in this case.**

4             The facts in this case allow the Court to decline to exercise supplemental

5   jurisdiction on three separate bases: Plaintiff's allegations raise a novel and

6   complex issue of state law; the state law claims substantially predominate over the

7   ADA claim; and other compelling considerations such as upholding the principle

8   of comity and discouraging forum shopping favor declining to exercise

9   supplemental jurisdiction.

10             Although this Court could select from a variety of similar applications of

11   section 1367, *Molski v. Hitching Post I Restaurant, Inc.,* 2005 U.S. Dist. Lexis

12   39959 at *27, 2005 WL 3952248 (C.D. Cal. 2005), is particularly relevant to this

13   case. In *Hitching Post*, a disabled plaintiff and the Disability Rights Enforcement

14   Education Services ("DREES") filed a complaint alleging claims under the ADA,

15   the DPA, and the Unruh Act, exactly as Plaintiff has done in this case. After

16   dismissing DREES for lack of standing, the court analyzed California's disability

17   statutes and determined that the remedial provisions of the Unruh Act and the DPA

18   were ambiguous. The court also held that the state law claims substantially

19   predominated over the ADA claims; the ADA claims only entitled the plaintiff to

20   an injunction, while the state law claims potentially entitled him to damages.

21   Further, the court held that the principle comity and the discouragement of forum

22   shopping, in addition to previously discussed reasons, justified declining to

23   exercise supplemental jurisdiction over the state law claims. The facts in this case

24   are nearly identical to the facts in *Hitching Post*, and so the same reasoning

25   applies.

26   ///

27   ///

28   ///

1     **1.    Plaintiff's claims raise novel and complex issues of**
2          **California law.**

3          The remedial provisions of the Unruh Act and the DPA, as laid out in

4    California Civil Code sections 51, *et seq.*, 52 and 54.3, provide a successful

5    plaintiff with damages "for each and every offense" and "for each offense."  These

6    provisions are ambiguous, and federal courts have interpreted them differently.  In

7    *Botosan v. Fizhugh,* 13 F. Supp. 2d 1047, 1051-52 (S.D. Cal. 1998), the court

8    interpreted these phrases to allow a plaintiff to collect damages for each day he

9    was deterred from visiting the premises at issue.  Conversely, in *Doran v. Embassy*

10   *Suites Hotel*, 2002 WL 1968166, 2002 U.S. Dist. Lexis 16116 (N.D. Cal. 2002),

11   the court found that damages did not accrue daily.

12         Confronting this same problem, the court in *Jankey v. Beach Hut*, 2005 U.S.

13   Dist. Lexis 45235, 4, 2005 WL 5517235 (C.D. Cal. 2005), determined that these

14   same state law claims raise complex and novel issues of California law that are

15   better left to California courts.  On this basis, among others, it declined to exercise

16   supplemental jurisdiction over the plaintiff's three state law disability claims.

17   Other courts have come to the same conclusion.  *See,* e.g. *Org. For the*

18   *Advancement of Minorities with Disabilities v. The Brick Oven Restaurant*, 406 F.

19   Supp. 2d 1120, 1130 (S.D. Cal. 2005) (finding the remedial provisions of the

20   Unruh Act and the DPA are ill-defined, and their definition is better left to state

21   courts); *Molski v. Kahn Winery*, 381 F. Supp. 2d 1209 (C.D. Cal. 2005) (holding

22   that state law disability provisions are ill-defined and therefore declining to

23   exercise supplemental jurisdiction).

24         **2.    California law substantially predominates.**

25         A court should also decline to exercise supplemental jurisdiction when

26   claims based on state law substantially predominate over claims based on federal

27   law.  In this case, Plaintiff's ADA claim only serves as a gateway to the federal

28   courts while the substance of his potential remedies is based in state law.  This is

LOBB & CLIFF, LLP
1325 SPRUCE STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92507

LOBB & CLIFF, LLP
1325 SPRUCE STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92507

1  because while plaintiffs can recover attorney's fees and procure an injunction if

2  successful, they cannot recover damages for a claim under the ADA. *Wander v.*

3  *Kaus*, 304 F. 3d 856, 858 (9th Cir. 2002). In contrast, California law allows a

4  plaintiff to recover at least $4,000.00 per violation under the Unruh Act, and at

5  least $1,000.00 per violation under the DPA. *Beach Hut*, 2005 U.S. Dist. Lexis

6  45235 at 5, 2005 WL 5517235 at 5. Because plaintiffs typically prefer damages to

7  injunctions, California law has come to eclipse ADA claims in what on its face is

8  ADA litigation. *Wander v. Kaus*, 304 F. 3d at 860 (stating "the question of

9  damages becomes the tail that wags the dog of the ADA issues.").

10        All but one of Plaintiff's claims are pursuant to California law. California

11  law provides Plaintiff a comprehensive remedy, including both damages and

12  injunctive relief. *Molski v. Mandarin Touch Rest.* 359 F. Supp. 2d at 937. Further,

13  California law provides the only basis for Plaintiff's claim for damages.

14  Considering this issue, one court noted that exercising jurisdiction over claims

15  brought under the Unruh Act, the DPA, and the Health & Safety Code encourages

16  sham pleadings of federal claims to gain access to federal courts. *Harris v.*

17  *Stonecrest Care Auto Ctr. LLC,* 472 F. Supp. 2d 1208, 1219 (S.D. Cal. 2007).

18        Plaintiff's ADA claim is redundant and superfluous. The ADA claim serves

19  no other purpose than to bring the Plaintiff before the federal courts. On this basis,

20  the Court should decline to exercise supplemental jurisdiction pursuant to 28

21  U.S.C. § 1367(c)(2).

22              **3.    The Court should decline to exercise supplemental**
                       **jurisdiction because Plaintiff is engaged in forum shopping,**
23                     **and because such a ruling is consistent with the principles of**
                       **comity.**
24

25        Courts may consider factors not explicitly enumerated when determining

26  whether to exercise supplemental jurisdiction over a state law issue. 28 U.S.C.

27  § 1367(c)(4). Even if those reasons are not themselves sufficient to satisfy section

28  1367, a court's analysis of each criterion is informed by the principles of economy,

LOBB & CLIFF, LLP
1325 SPRUCE STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92507

1    convenience, fairness, and comity.  *ACRI v. Varian Assoc., Inc.,* 114 F. 3d 999,

2    1001 (9th Cir. 1997).  The latter two factors weigh heavily against Plaintiff.

3          As discussed, *supra*, the only reason for Plaintiff to bring a claim under the

4    ADA is to gain access to the federal courts.  Plaintiff's remaining claims are all

5    based upon California law.  Further, Plaintiff has made a habit of filing suits such

6    as this one in a variety of federal courts.  It is therefore fair to surmise that

7    Plaintiff's true intention was not to prosecute an ADA claim, but to pursue his state

8    law claims in a more favorable forum.

9          Additionally, comity obliges the court to allow California courts to interpret

10   California law.  Considering the same issue, the court in *Hitching Post*, 2005 U.S.

11   Dist. Lexis 39959 at *27, 2005 WL 3952248, deferred to California's state courts,

12   stating "because California courts should be given the opportunity to interpret

13   California's disability laws … and because the parties themselves are entitled to a

14   surer-footed interpretation of California's disability laws, the Court finds that

15   compelling reasons exist to decline supplemental jurisdiction."  As this case deals

16   with the same issue of law, the Court should decline to exercise supplemental

17   jurisdiction out of respect for the principle of comity.

## IV.    CONCLUSION

19         Based on the foregoing, the Court should grant this motion and decline to

20   exercise supplemental jurisdiction over Plaintiff's second, third and fourth Claims

21   for relief, which are based on California law.

22

23                                        Respectfully submitted,

24                                        LOBB & CLIFF, LLP

25
     Dated:  June ___6___, 2011           By: _____
26                                            Orlando J. Villalba
27                                            Jason K. Schrader
                                              Attorneys for Defendant
28                                            Rednap, Inc. dba Denny's #7239

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 1325 Spruce Street, Suite 300, Riverside, California 92507.

On June 7, 2011, I served the foregoing documents by placing a true copy thereof enclosed in a sealed envelope and addressed as stated below:

| | |
|---|---|
| **DOCUMENTS SERVED:** | **REDNAP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| **SERVED UPON:** | Lynn Hubbard III<br>Disabled Advocacy Group, APLC<br>12 Williamsburg Lane<br>Chico, CA 95926<br>Tel: 530-895-3252 / Fax: 530-894-8244<br>Email: USDCCentral@HubsLaw.com<br>Attorney for Plaintiff, Chris Kohler |

X   **(By Mail)** I declare that I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Riverside, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(By Facsimile)** I served the above-described document on the interested parties in this action by sending a true copy thereof by facsimile transmission pursuant to *California Rules of Court*, Rule 2008, from facsimile machine number (951) 788-0766. The facsimile machine I used complied with *California Rules of Court*, Rule 2008, and no error was reported by the machine. Pursuant to Rule 2008(e)(3), I caused the machine to print a transmission record of the transmission.

**(By E-mail or Electronic Transmission)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**(By Overnight Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery of documents. Under that practice it would be delivered to an authorized agent or driver of Federal Express with the fees paid or provided for on the date of service and delivered the next day.

**(By Personal Service)** I caused such envelope to be hand delivered to the offices(s) of the addressee(s).

**(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X   **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on June 7, 2011, at Riverside, California.

*Sheryl Spinali*

SHERYL SPINALI

8
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS

182644

LOBB & CLIFF, LLP
1325 SPRUCE STREET, SUITE 300
RIVERSIDE, CALIFORNIA 92507